**Steve DIAMOND; Diamond Video World, Inc., a California corporation; Steven A. Diamond Trust, Plaintiffs–counter–defendants—Appellants,**

v.

**CITY OF GROVER BEACH, Defendant–counter–claimant—Appellee.**

**Steve Diamond; Diamond Video World, Inc., a California corporation; Steven A. Diamond Trust, Plaintiffs–counter–defendants—Appellants,**

v.

**City of Grover Beach, Defendant–counter–claimant—Appellee.**

**Nos. 05–56226, 06–55158.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed Aug. 2, 2007.

Roger Jon Diamond, Esq., Santa Monica, CA, for Plaintiffs–counter–defendants—Appellants.

Paul F. Donsbach, Esq., Edwin J. Richards, Jr., Esq., Jennifer L. Andrews, Esq., Kutak, Rock, LLP, Irvine, CA, for Defendant–Counter–Claimant—Appellee.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

Steve Diamond brought a declaratory judgment action against the City of Grover Beach seeking to invalidate a zoning ordinance that restricts the operation of adult businesses within the city. The district court found against Diamond and issued an order enjoining him from continuing to operate an adult business. Diamond appealed. While his appeal was pending, the district court found Diamond in contempt of the injunction and ordered him to pay a fine. Diamond appealed the contempt finding as well.

Diamond opened his store on December 23, 2003, over one month before the ordinance was enacted (February 2, 2004) and nearly four months before it took effect (April 15, 2004). Diamond was permitted to open his store because the City stipulated that he could do so. The stipulation arose from a lawsuit Diamond brought challenging the moratorium, and it stated in pertinent part that Diamond "will not use this stipulation or any additional time [his] adult business is permitted to remain open by virtue of this stipulation to support any of [his] arguments."

Notwithstanding the City's assertions to the contrary, the stipulation did *not* prohibit Diamond from acquiring non-conforming use status. There was a forty-five-day gap between the end of the moratorium (March 1, 2004) and the ordinance's implementation (April 15, 2004). The district court found, and the City does not dispute, that during those forty-five days, the City's old zoning ordinance was in effect. Diamond's obligations under the stipulation ended when the moratorium expired because Diamond was no longer permitted to operate his store merely "by virtue of th[e] stipulation," rather he was permitted to operate as of right under the City's previously existing ordinance. Furthermore, the parties reached the stipulation in the context of Diamond's challenge to the moratorium, not the ordinance, and while Diamond could not rely on his operation of a store at the site "to support any of his arguments" in the context of the litigation regarding the moratorium, he was under no such commitment in challenging the ordinance.

We have previously noted that in California " '[a] legal non-conforming use is one that existed lawfully before a zoning restriction became effective and that is not in conformity with the ordinance when it continues thereafter.' " *Hotel & Motel Ass'n of Oakland v. City of Oakland,* 344 F.3d 959, 964 n. 3 (9th Cir.2003) (quoting *Hansen Bros. Enters., Inc. v. Bd. of Supervisors,* 12 Cal.4th 533, 48 Cal.Rptr.2d 778, 907 P.2d 1324, 1328 n. 1 (1996)). Because Diamond was operating his store during the forty-five days prior to the effective date of the new ordinance in a manner that complied with the old ordinance, he was entitled to non-conforming use status, and the injunction was improper.[1] Moreover, because the injunction was improper, the district court's civil contempt judgment based on that injunction was also improper. *See In re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722, 726 n. 11 (9th Cir.1989) ("The invalidity of the underlying order is always a defense to a civil contempt charge.").

**REVERSED and VACATED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we find Diamond entitled to non-conforming use status, we need not reach his constitutional arguments.

RYMER, Circuit Judge, dissenting:

Assuming that Diamond's bookstore qualifies for nonconforming status by virtue of the city's ordinance, the problem is that he contracted out of the right to assert such status based on time he operated the bookstore as a result of the settlement agreement. The reason Diamond's bookstore remained up and running, uninterrupted, during the 45 day window *was* the agreement, the express purpose of which was to permit Diamond to run the business while he looked for a relocation site. Diamond bargained for a grace period, not a shot at squeezing a nonconforming use status out of any gap that might arise. That being the intent of the parties when they signed this agreement, I would read the stipulation accordingly; to permit Diamond now to rely on the 45–day window flips the point of the contract on its head. Had Diamond wanted to roll the dice on a window popping up before the new ordinance took effect, he could have voluntarily shut down during the moratorium and tried to get things restarted the day after the moratorium ended. He didn't. What follows from reading the contractual language technically but nonsensibly is a windfall for Diamond. As for the constitutional issues and contempt order, I would affirm for substantially the reasons stated by the district court.